ADAMS et al. v. BURRELL et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1913. Rehearing Denied Nov. 27, 1913.)

1. APPEAL AND ERROR (§ 302*)—SUFFICIENCY OF ASSIGNMENTS—RULES OF COURT.

Assignments of error not distinctly specifying the ground of error relied on, and distinctly setting them forth in the motion for new trial, as required by rule 24 of Courts of Civil Appeals rules (142 S. W. xii), are not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

2. SEQUESTRATION (§ 20*)—JUDGMENT FOR DEFENDANT—DAMAGES.

In trespass to try title to timber land, plaintiffs, in order to protect the timber pending suit, filed a replevin bond by agreement, and obtained possession of the land. *Held,* that whether the bond was a common-law or statutory bond, plaintiffs, on judgment for defendant, were liable for unlawfully cutting and removing timber belonging to the defendant.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action between W. J. B. Adams and others against Arthur Burrell, R. C. Conn, and R. B. Ritchie and others. Judgment for defendants Conn and Ritchie, and Adams and others appeal. Affirmed.

See, also, 104 Tex. 183, 135 S. W. 1156.

W. J. B. Adams, R. F. Adams, and Abel Adams, appellants here, were plaintiffs in the court below. Their suit was against appellees R. C. Conn and R. B. Ritchie and others, and was to try the title to a tract of 640 acres of land in Jasper county and for damages. On the ground that they feared the defendants would make use of the possession they had of the land to injure it, and would convert to their own use the timber growing on it, appellants, at the time they commenced their suit, to wit, March 24, 1908, procured the issuance of a writ of sequestration and a levy thereof on the land. April 10, 1908, Tom Bilbo, one of the defendants, who claimed to own the northeast quarter of the tract, ap-

pellees Conn and Ritchie who claimed to own the timber on said northeast quarter and on the northwest quarter of the tract, and Arthur Burrell, who claimed to own the south one-half of the tract, replevied the land by filing a bond as authorized by the statute (article 7103, R. S. 1911). July 14, 1908, in accordance with an agreement between the parties, the replevy bond of said defendants was withdrawn from the files and canceled, and, in lieu thereof, appellants, as plaintiffs in the suit, made and filed a replevy bond, with W. W. Blake and Roi Blake as their sureties, conditioned as specified in article 7110 of the Revised Statutes of 1911, and, it seems, possession of the land thereupon was delivered to them. Afterwards, but before the cause was tried, timber on the northwest and northeast quarters of the tract was cut and removed therefrom. Alleging that appellants had wrongfully cut and removed same, appellees Conn and Ritchie, by a cross-action against appellants, sought a recovery against them for the value thereof. A trial resulted in a judgment as follows: In favor of appellants for the south one-half of the tract; in favor of defendant Rachel Burrell and others for the northwest quarter of the tract; in favor of the defendant Bilbo for the northeast quarter of the tract; and in favor of appellees Conn and Ritchie against appellants for the sum of $2,770 as the value of timber removed by them from the northwest and northeast quarters. From the judgment appellants prosecuted an appeal to the Court of Civil Appeals at Galveston. That court affirmed the judgment in so far as it was in favor of appellants for the south one-half of the tract, and in favor of Bilbo for the northeast quarter thereof, but reversed it in so far as it was in favor of Rachel Burrell and others for the northwest quarter, and in favor of Conn and Ritchie for the value of timber thereon, and in so far as it was in favor of said Conn and Ritchie for the value of timber on the northeast quarter, and then rendered judgment in appellants' favor for said northwest quarter, and, having determined that appellees Conn and Ritchie owned the timber on the northeast quarter of the tract, and were entitled to recover the value thereof, remanded the cause for a trial between appellants and said Conn and Ritchie to determine such value. 127 S. W. 581. The Supreme Court, after granting a writ of error, affirmed the judgment rendered by the Court of Civil Appeals. 104 Tex. 183, 135 S. W. 1156. A trial between appellants and appellees Conn and Ritchie in accordance with the opinions of the Supreme Court and said Court of Civil Appeals resulted in a judgment in favor of said Conn and Ritchie against appellants and against W. W. Blake and Roi Blake, the sureties on appellants' said replevy bond, for the sum of $1,938.50 as the value of timber cut and removed from said northeast quarter of said tract of land.

From this judgment appellants, said W. J. B. Adams, R. F. Adams, and Abel Adams, alone appeal.

Holland & Holland, of Orange, and Roi Blake, of Jasper, for appellants. Smith & Blackshear, of Jasper, and Goodrich & Lewis, of Hemphill, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] If for no other reason, appellants should be denied a reversal of the judgment on the grounds urged in their first and second assignments, because same were not distinctly set forth in their motion for a new trial as required by rule 24 for the government of Courts of Civil Appeals. 142 S. W. xii. If, however, those assignments were entitled to consideration, it is not at all clear they should be sustained; for they are predicated on the assumption that, because defendants in the suit replevied the land after it was levied on by virtue of the writ of sequestration, they were in possession of it at the time the timber was cut and removed. Such an assumption ignores the fact that after it was so replevied, and before any of the timber was cut and removed, by an agreement between all the parties concerned, appellants executed and filed a replevy bond in lieu of the one defendants had filed, and in that way obtained, and at the time the timber was cut had possession of, the land.

[2] The remaining assignment is that "the trial court erred in his first conclusion of law in finding that, under the judgment of the Court of Civil Appeals in this cause heretofore delivered, plaintiffs are liable to the defendants for the value of the timber cut and removed." The reason given in the proposition under the assignment why appellants think the court erred as claimed is that (as they assert) the bond they executed, by virtue of which they obtained possession of the land, was a common-law and not a statutory bond, wherefore, they say, it was necessary, before a judgment could be rendered against them and their sureties, that appellees Conn and Ritchie should allege and prove a breach of the bond. It may be conceded that as to the sureties, if they were in the attitude of complaining of it, the judgment should be set aside, if it appeared that it was rendered in the absence of such pleading and proof; for liability on their part was purely contractual. But it does not follow that for the reason given it should be set aside as to appellants. For, without reference to the character of the bond, or whether they had made a bond or not, appellants would be liable if they, as appellees alleged they did, unlawfully cut and removed from the land timber belonging to appellees. Whether appellants did so cut and remove such timber was a question of fact, to be determined from testimony heard. The sufficiency of the testimony to support a finding that they did unlawfully cut and remove the timber is not questioned by any

assignment we can consider. In this attitude of the case we must assume, in support of the judgment, that the testimony was sufficient to show that they, or those acting for them, did cut and remove the timber.

The judgment is affirmed.